## DAVID HURST *v.* PAALANI KUKAHI AND JOHN T. BAKER.

### No. 1216.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.
HON. C. K. QUINN, JUDGE.

ARGUED OCTOBER 21, 1919.                    DECIDED OCTOBER 29, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE BANKS IN PLACE OF COKE, C. J., ABSENT.

SPECIFIC PERFORMANCE.

Specific performance will be decreed of a contract for the sale of land when there does not appear to have been any unfairness, injustice or inequality such as to require a court of equity to refuse its aid and the consideration is not grossly inadequate.

SAME.

One who purchases land with knowledge of a contract of sale thereon is bound by all of the equities enforceable against his grantor as a party to said contract.

OPINION OF THE COURT BY EDINGS, J.

The petitioner-appellee instituted a suit in equity in the circuit court of the fourth circuit of the Territory for specific performance against the respondents-appellants.

The facts found by the trial judge and supported by the evidence are, in substance, that the respondent Kukahi on the 4th day of December, 1916, executed and delivered to the petitioner a certain contract for the sale of land therein set forth, which contract is as follows: "Hilo, Hawaii, December 4th, 1916. Received from David Hurst the sum of ten and no/100 dollars, as part payment for the purchase price of land situate at Puueo and known as Kupihee Estate, Total Purchase Price $1400.00.

The balance to be paid upon and after the Abstract of Title is received from Honolulu, and the title to said land found to be my own. P. Kukahi. Witness to signature Jos. S. Ferry," it being agreed that the petitioner was to bear and defray all costs and expenses connected with the sale of the land, such as procuring an abstract, preparing a deed and any attorney's fee for services. On account of delays for which neither the petitioner nor his attorney, J. S. Ferry, was responsible the abstract to the property was not received until the 12th day of April, 1917. After the abstract had been ordered by Ferry, the attorney for petitioner, and prior to its receipt, Mr. O. T. Shipman, the attorney at law of the respondent Baker, on several occasions visited the office of said Ferry on other business connected with Kukahi. At the time of these visits Mr. Shipman knew that Kukahi had agreed to sell the land. On or about the 20th day of June, 1917, petitioner, through his attorney Ferry, presented to respondent Kukahi a warranty deed of said premises and tendered him the balance of the purchase price. The respondent Kukahi refused to execute the deed and requested Ferry to go with him to the office of Mr. Shipman. Upon arriving there Mr. Shipman advised Kukahi not to sign said deed and informed Mr. Ferry that Kukahi had already conveyed the property to the respondent John T. Baker by deed dated April 16, 1917 (Defendants' Exhibit 1). It further appears that prior to February 9, 1917, Kukahi had informed Baker "that he went to Ferry and had signed a paper for him not to sell the land to any one else." About this time the respondent Baker paid a mortgage on this property given by Kukahi to one Peterson and he had sufficient knowledge to put him upon inquiry as to the existence of the "agreement of purchase" and "took with actual knowledge of the agreement."

We are unable to discover in this transaction any un-
fairness, injustice or inequality such as to cause a court
of equity to refuse specific performance, nor does the
price appear inadequate, at least not so inadequate as
to warrant the refusal of a court of equity to lend its
assistance upon that theory.    Nor can the respondent
Kukahi complain of laches on the part of petitioner, as
he (Kukahi) had prior to April 16 put it out of his
power to perform.

The question of laches does not depend upon the fact
that a certain definite time has elapsed, but whether un-
der all of the circumstances petitioner is chargeable with
a want of *due* diligence. "A delay which neither evi-
dences an abandonment of right nor operates to the preju-
dice of the other party is not a defense." 36 Cyc. 729,
730; 2 Pomeroy's Equitable Remedies, Sec. 814.

The evidence shows that such delay as there was was
not unreasonable, did not operate to the prejudice of the
respondent Kukahi and did not evince an intention of
abandonment upon the part of the petitioner.

The respondent Baker took with actual knowledge of
the existence of the agreement of sale between the pe-
titioner and the respondent Kukahi and is bound by the
same equities.    *Green* v. *Pope,* 6 Haw. 235; 39 Cyc. 1648-
1703; 36 Cyc. 761.

The decree appealed from is affirmed.

*S. S. Rolph* (*Carlsmith & Rolph* on the brief) for
petitioner.

*W. H. Smith* for respondents.